## QUAKER CITY CAB CO. v. FIXTER.

(Circuit Court of Appeals, Third Circuit. March 10, 1925.)

No. 3217.

**I. Municipal corporations ⬅➡705(2)—Mutual rights of vehicles and pedestrians at crossings stated.**

Under the law of Pennsylvania, vehicles have the right of way on that portion of a street set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control of their vehicles that they can stop their cars on the shortest possible notice.

**2. Municipal corporations ⬅➡705(10) — Care required of pedestrian observing traffic signal at crossing.**

It is not negligence for a pedestrian to start across a street when the signal is against vehicle traffic thereon, though the signal may be changed before he reaches the other side, and he has the right of way against a vehicle thereafter approaching, but he is chargeable with negligence if he starts against the signal.

**3. Trial ⬅➡143—Where evidence is contradictory, issue of fact is for the jury.**

Where the evidence on the issue is inconsistent and contradictory, the case is one for the jury.

**4. Limitation of actions ⬅➡125—Amendment of statement of claim as to party plaintiff, after trial held proper.**

Where a death action was instituted by the widow of deceased as administratrix, and not as widow, as required by the state statute, though her pleading disclosed the fact that she was widow, and the question was first raised on motion for new trial after a new action was barred by limitation, the court properly permitted an amendment, under Rev. St. § 954 (Comp. St. § 1591), striking out plaintiff's designation as administratrix.

**5. Pleading ⬅➡229—Federal courts, liberal in allowing amendments.**

Federal courts are very liberal in allowing amendments to prevent a miscarriage of justice.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Charles L. McKeehan, Judge.

Action at law by Isabelle C. Fixter against the Quaker City Cab Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. William Freed, of Philadelphia, Pa., for plaintiff in error.

Howard Kirk, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Walter Fixter, plaintiff's intestate, was struck and killed by a taxicab belonging to the defendant company at Broad and Spring Garden streets in the city of Philadelphia on April 13, 1923. Broad street runs practically north and south, and Spring Garden east and west, a little southeast and northwest. On Friday, April 13, 1923, at about 20 minutes after 9 o'clock in the evening, the deceased was crossing Broad street, from the east to the west side, at its intersection with Spring Garden. Just before he reached the west side of Broad street, he was struck by the cab, which was traveling south on Broad

street. Suit was brought against the cab company to recover damages for his death. The jury rendered a verdict for the plaintiff, and the defendant has brought the case here on writ of error.

The defendant contends that the evidence shows, first, that it was not negligent; and, second, that the deceased was guilty of contributory negligence, and therefore the plaintiff should have been nonsuited. It is admitted that at the time of the accident it had been raining hard for some time. Both Broad street and Spring Garden street are unusually wide at their intersection. The driver testified that, when crossing Spring Garden street, he was driving about 18 miles an hour. There was testimony, however, that the "car was going not less than 35 to 40 when it hit that man." There was testimony that the deceased was crossing Broad street against the traffic sign. There was also testimony that, when he started to cross Broad street, the lights were set for him to go—that is, against traffic on Broad street, and for the movement of traffic on Spring Garden street; that after he had committed himself to crossing Broad street, but before he was able to reach the west side, and at about the time the taxicab going south on Broad street reached Spring Garden street, the lights were turned against traffic on Spring Garden street, and for the movement of traffic on Broad street.

[1, 2] As to the relative rights of vehicles and pedestrians, vehicles have the right of way on the portion of the street set aside for them, but at crossings, all drivers, particularly of motor vehicles, must be highly vigilant, and maintain such control of their vehicles that they can stop their cars on the shortest possible notice. McClung v. Pennsylvania Taxi Cab Company, 252 Pa. 478, 97 A. 694; Yeager v. Gately & Fitzgerald, 262 Pa. 466, 106 A. 76; Anderson v. Wood, 264 Pa. 98, 107 A. 658. If the deceased did not start to cross Broad street against the traffic signals, and had without negligence committed himself to the crossing, he had the superior right of way against a vehicle thereafter approaching. Anderson v. Wood, supra; Twinn v. Noble, 270 Pa. 500, 113 A. 686. If, on the other hand, he started to cross against the traffic signs, he was guilty of negligence.

[3] The testimony on the issues in the case is inconsistent and contradictory. Under such circumstances, it was the duty of the court to submit the case to the jury, whose province it was to reconcile conflicting statements and determine the facts upon

which its verdict was based. Kennelly v. Waropoyak, 266 Pa. 94, 109 A. 608.

Was the amount of the verdict excessive? All the facts disclosed by the evidence relating to the question of damages was reviewed by the court, and properly submitted to the jury without exception by counsel, and we cannot say that the damages awarded were excessive.

[4] The plaintiff was widow of the deceased and administratrix of his estate. She started her suit in common pleas court No. 1 of Philadelphia, as administratrix, within three months after the accident, and not as widow, as the law in Pennsylvania required. In her statement of claim, however, she did declare that she was widow of the deceased and administratrix of his estate and was entitled to recover damages as "his widow." The cause was removed to the United States District Court for the Eastern District of Pennsylvania. It was not discovered by any one—at least, attention was not called to it—that she had wrongly entitled her cause of action until May, 1924, when a motion for a new trial was argued. It was then raised for the first time by counsel for defendant. More than one year had elapsed since the deceased died, and the statute of limitations prevented a new action from being instituted.

[5] The trial judge permitted plaintiff to amend by striking out, in the first and last paragraphs in the statement of claim, as surplusage, the words "administratrix of the estate of Walter Fixter, deceased." Defendant contends that this in substance constituted a new action, and was error. It abundantly appeared in the statement of claim that the plaintiff was widow, as well as administratrix, and we think that the amendment was one of form, and not of substance, and in such case an amendment may be made under sections 948 and 954 of the Revised Statutes of the United States (Comp. St. §§ 1580, 1591). Federal courts are very liberal in allowing amendments to prevent a miscarriage of justice. McDonald v. State of Nebraska, 101 F. 171, 41 C. C. A. 278; Murphy v. Stewart, 43 U. S. (2 How.) 263, 281, 11 L. Ed. 114; Reardon v. Balaklala Consolidated Copper Co. (C. C.) 193 F. 189.

The facts in the case of Van Doren v. Pennsylvania Railroad Company, 93 F. 260, 35 C. C. A. 282, were practically identical with those in the case at bar. Suit was here brought as administratrix, and not as widow. Plaintiff sought to amend by substituting "widow" for "administratrix." This court, with reference to the allowance of the

amendment, said: "Substantial justice requires that such an amendment should be allowed, as a second suit for damages for the death of Henry Van Doren would be barred by the one year limitation in the Pennsylvania statute." The decision in that case is dispositive of the questions relating to the amendment raised here.

We do not find that the learned trial judge committed error, and the judgment is affirmed.