WELDON v. UNITED STATES et al.

UNITED STATES et al. v. WELDON et al.
Nos. 2784, 2785.

Circuit Court of Appeals, First Circuit.
June 5, 1933.

Francis J. Carney, of Boston, Mass. (J. Frank Scannell, John A. Canavan, and William J. Killion, all of Boston, Mass., on the brief), for Weldon.

Myron H. Avery, Admiralty Atty., U. S. Shipping Board, of Washington, D. C. (A. Chesley York, Asst. U. S. Atty., of Boston, Mass., on the brief), for the United States and the United States Shipping Board, etc.

John E. Macy, of Boston, Mass., for respondent B. A. Carroll Stevedoring Co.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

These are cross-appeals from three orders, the first, denying the motion of the United States to implead as defendant the B. A. Carroll Stevedoring Company, Inc.; the second, denying Weldon's motion to amend his libel by substituting said stevedoring company as libelant; and the third, holding in effect that an offer of proof made by the libelant was insufficient in law to warrant a decree in his favor, and directing that the libel be dismissed. The United States has appealed from the first order and the libelant from the other two orders. The appeal of the United States becomes moot if the libel was properly dismissed.

Weldon was a stevedore employed by the Carroll Company. In the libel it is alleged that he was seriously injured by the breaking of a ladder which was a permanent part of the vessel on which he was at work. This vessel, the Seattle Spirit, was owned by the United States Shipping Board Merchant Fleet Corporation, a government agency. Weldon elected to take compensation from his employer, the Carroll Company, under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950). After having been paid substantial sums as compensation by the Carroll Company, he filed this libel against the United States, as owner of the vessel, under the Suits in Admiralty Act (46 USCA §§ 741–752), claiming that his injuries were caused by the negligence of the vessel or her owner.

The libel expressly states that the sums recoverable under it have been assigned by force of law, i. e., by the Longshoremen's Act, to his employer, the Carroll Company, and that the libel is brought for the benefit of himself and that company under the provisions of said act. The Longshoremen's Act provides that suits under it must be brought within two years after the date of the injury. The libel itself was seasonably filed; but the libelant's motion to substitute the Carroll Company as libelant was not filed until long after the two years had expired.

█ The District Judge held that he was without power to allow the amendment, apparently taking the view that it sought to introduce a new cause of action. The first question is whether this ruling was right. We are of opinion that it was not. No new cause of action was introduced by the proposed amendment. The claim on which the libel rested was in no way altered. By the amendment it was sought merely to substitute a new party plaintiff. This was permitted to be done in Missouri, Kan. & Tex. Ry. Co. v. Wulf, 226 U. S. 570, 33 S. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134, a case which, like the present one, depended on a statutory right. In that case action was originally brought by the widow of the decedent on a claim under a state statute. After the statute of limitations had expired, she was permitted to amend by substituting herself as administratrix as plaintiff and making a claim under the Federal Employers' Liability Act (45 USCA §§ 51–59). Here the substitution was hardly more than a formality because, as has been said, the libel stated in explicit terms that it was brought for the benefit of the Carroll Company. The Wulf Case fully covers the present one. It is unnecessary to decide whether the libel as it stood without amendment could have been proceeded on. Cases in which the defendant was not brought into court until after the period of limitation had expired stand on a very different footing. See Davis, Agent, v. Cohen & Co., Inc., 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129.

█ The appeal of the United States from the order denying its motion to implead the Carroll Company as defendant requires a further statement of facts. The Carroll Company was doing stevedore work on the Seattle Spirit under a general contract between it and the Merchant Fleet Corporation, dated February 8, 1928. This contract is of rather complete character, containing nineteen numbered clauses and covering about ten pages in the record. It provides:

"13. The Stevedore shall at its own cost and expense carry the following insurance protection:

"(a) Liability arising under Workmen's Compensation laws of the State in which the stevedoring is performed for injury to or death of employees and also liability arising under the provisions of the Act of Congress approved March 4, 1927, entitled 'Longshoremen's and Harbor Workers' Compensation Act' (Public # 803).

"(b) Employer's Liability for which the Stevedore is legally liable to employees in the amount of $50,000." etc.

"(c) Liability to the public in the amount of $50,000." etc.

"The original policies shall be delivered to the Insurance Department of the owner at Washington, D. C., and approved by it prior to the commencement of any work under the contract.

"All insurance whenever possible shall be written in American Insurance Companies. * * *

"15. The Stevedore agrees, at its own cost and expense, to furnish to the Owner simultaneously with the execution and delivery of this contract a good and sufficient Surety Company bond, in the sum of Twenty-five Thousand Dollars ($25,000.), conditioned upon the faithful performance by the Stevedore of all the terms and conditions to be performed by it herein, and also indemnifying the Owner against any damage or injury to cargo, while handling or stowing the same, and to any ship including its equipment or apparel, wharves, docks, lighters, elevators, cars and car floats used in connection therewith, through negligence or fault of the Stevedore."

It is contended by the United States that these provisions obligate the stevedore to save the United States harmless from damages arising out of the accident to Weldon. For this reason the United States sought to implead the Carroll Company as defendant. The Carroll Company denies that the contract has any such meaning. We think the Carroll Company's contention is plainly right. It would be extraordinary to impose upon a stevedore liability for the negligence of a shipowner with respect to permanent structures on the ship, over which the stevedore has no duty of maintenance and no control whatever. Giving the language of the

contract its natural meaning, the phrase "insurance protection," as therein used, refers to the protection of the stevedore. The liabilities to be covered are expressly stated, viz., under section (a), those arising under workmen's compensation laws of the state and those arising under the Longshoremen's Act; under section (b), those arising out of employer's liability. All of these statutes relate to liabilities imposed on the employer of the injured man. Section (c) relates to the stevedore's liability to the public, and has nothing to do with the present question. The intent of the contract obviously is that the stevedore shall carry insurance to protect its obligations to its employees and to the general public, in case of accidents arising out of its work. If it had been intended that the stevedore should also carry insurance protecting the owner of the vessel against claims for negligence based on defects in its permanent structures, it cannot be doubted that the contract would have said so.

The policies which the Carroll Company procured contained no provision for the protection of the shipowner. They were forwarded to the proper officers of the Merchant Fleet Corporation, and were accepted and approved by them. Apparently the present contention on behalf of the United States is an afterthought. Other points invite discussion; but, as what has been said is sufficient to dispose of the matter, it is unnecessary to go into them. The District Judge was right in denying the motion to implead as defendant the Carroll Company.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.