### SMALLWOOD v. UNITED STATES.
### No. 4170.

Circuit Court of Appeals, Fourth Circuit.

July 8, 1937.

L. T. Hyatt, of Jonesville, Va. (M. G. Ely, of Jonesville, Va., on the brief), for appellant.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., and Frank S. Tavenner, Jr., Asst. U. S. Atty., of Woodstock, Va., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and WATKINS, District Judge.

### PER CURIAM.

The question in this case is whether the suit of Maxie Smallwood, in her own right and as administratrix of the estate of Curtis Pendergraft, deceased, on a policy of war risk insurance was barred by limitations. The veteran was discharged from service on December 15, 1918. No premiums were actually paid on his $10,000 policy after January, 1919. He died on March 31, 1919, at which time his policy had lapsed. However, the Act of February 24, 1919 (40 Stat. 1151), granted to veterans a $60 bonus, and the Act of July 2, 1926 (44 Stat. 800, 38 U. S.C.A. § 516b), provided that if a veteran should allow his insurance to lapse and should die after February 24, 1919, and prior to collecting the bonus, the insurance should not be considered as lapsed for such period as the uncollected bonus would keep it in force if applied to the payment of the premiums. The veteran had not collected his

bonus at the time of his death, and consequently the effect of the statute was to continue the insurance on his life in force until the time of his death and to make the United States liable for the payment thereof.

After his death, one Sarah Pendergraft made claim under the policy in the role of foster mother; and on June 4, 1928, an award was made in her favor and the accumulated installments of the insurance and the regularly maturing installments until November, 1928, amounting in all to $6,426, were paid to her. Thereafter the payments were suspended owing to the conclusion which has become judicially established that under the terms of the statute the death benefits were payable only to the estate of the deceased. Singleton v. Cheek, 284 U. S. 493, 52 S.Ct. 257, 76 L.Ed. 419, 81 A.L.R. 923. Thereafter L. M. Robinette qualified as administrator of the estate and collected the balance due under the policy on May 13, 1930; and on November 19, 1931, the administrator made final settlement of his accounts and paid the sum collected, less cost of administration, to Maxie Smallwood, who was ascertained to be the next of kin of the deceased veteran and the sole distributee of his estate. The administrator, having previously acted as attorney for the foster mother and having collected in her behalf the sum above mentioned, made no effort to collect either from the United States or from his former client the sum erroneously paid to the foster mother, but resigned as administrator. Thereafter administration was granted improvidently to another person and a claim for the balance of the insurance was made by him, but as his actions were taken without authority, they need not be further considered herein.

On April 7, 1931, while Robinette was acting as administrator, Maxie Smallwood wrote the Veterans' Bureau, in her individual capacity, asserting that she was the sole distributee of the veteran and demanding payment of the insurance money, including that which had already been made to Sarah Pendergraft. In reply she was advised of the circumstances under which the payments had been made to Sarah Pendergraft and suspended, and notified that the remaining amount due under the policy had been paid to Robinette as administrator. On June 9, 1931, an attorney acting for Maxie Smallwood in her individual capacity made demand for the amount of money which had theretofore been paid to Sarah Pendergraft. In reply the Veterans' Bureau on August 25, 1931, notified the attorney that Maxie Smallwood was not the proper person to make claim for the proceeds of the insurance since such sums as were due were payable only to the insured's estate, and that in the event of denial of the claim, the administrator would be the proper person to file suit, and therefore a decision upon the question of making a duplicate payment of the amount paid to Sarah Pendergraft was deferred until the administrator should file a claim. On May 13, 1932, Maxie Smallwood was appointed administratrix d. b. n. and on December 22, 1932, made a formal claim for the amount previously paid to Sarah Pendergraft. Her claim was denied on February 15, 1933, and the present suit was instituted on March 24, 1933. The defendant filed a plea of limitations which was sustained by the District Judge, who thereupon dismissed the case and entered judgment for the defendant.

The statute provisions limiting the time within which a suit of this character may be brought (38 U.S.C.A. §§ 445 and 445d) state in substance that no suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. For the purposes of the statute it is deemed that the right accrued on the happening of the contingency on which the claim is founded; and it is further provided that the limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial thereof by the Administrator of Veterans' Affairs. Infants are accorded three years in which to bring suit after the removal of their disability. Whether it be held that the contingency upon which the claim in the instant case is founded was the death of the insured on March 31, 1919, or the passage of the Act of July 2, 1926, making the uncollected bonus applicable to the payment of premiums on the lapsed policy and thus restoring it to life, it is obvious that more than six years after the crucial date and more than one year after July 3, 1930, had elapsed when the pending suit was instituted on March 24, 1933. The suit was therefore too late unless its postponement to the last-mentioned date can be justified by other considerations.

■ The appellant contends that the suit was in time because Maxie Smallwood did not come of age until June 3, 1930, less than

three years before the suit was brought; and because the statute allows an infant claimant three years within which to bring suit after attaining his majority. It is pointed out that the statute also allows persons having or claiming an interest in the insurance to be made parties to the suit. Therefore it is said that the joining of Maxie Smallwood in her individual capacity as a party plaintiff was justified and the suit was brought within the period allowed to infant claimants. This provision, however, was inserted in the statute so as to permit all conflicting claims to be settled in one suit, and it cannot be used so as to permit the revival of a stale claim by one who has delayed too long. The appellant concedes, as indeed she must, that she has no claim in her own right, and it follows that the three year extension for infants has no bearing on the case. See Dowell v. United States (C.C.A.) 86 F.(2d) 120.

For like reasons the contention is of no avail that the claim of Maxie Smallwood was pending in the Bureau from April 7, 1931, when she presented her individual claim, until February 15, 1933, when her claim as administratrix was finally denied; and that this period of twenty-two months must be added under the statute to the period of limitations. The only tenable claim was that of the administratrix, which was pending in the Veterans' Bureau only from December 22, 1932, to February 15, 1933, and the fact that prior thereto the personal claim was pending did not toll the statute so as to extend the time within which the administratrix might bring her suit.

Affirmed.