## UNITED STATES v. POWELL.
### No. 4221.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1938.

NORTHCOTT, Circuit Judge, dissenting.

Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., and Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

P. H. McEachin, of Florence, S. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a war risk insurance case in which there were verdict and judgment for the plaintiff on a finding, which the government does not contest, that the insured soldier became totally and permanently disabled on January 25, 1919, while the policy sued on was in force. The soldier died in 1925; and his father and mother, who were beneficiaries under the life insurance feature of the policy, immediately filed claim thereunder, which was denied. Both the father and mother died in the year 1931. After their deaths, on July 2, 1931, the administrator of the soldier filed claim with the Veteran's Administration for the full amount of the policy, and when the claim was denied filed suit for the full amount thereof within the time allowed by law. Thereafter, he qualified as administrator of the soldier's father and mother, and on December 30, 1936, was allowed to amend his complaint so as to sue as administrator of the father and mother as well as administrator of the soldier. The persons entitled to the recovery by the plaintiff as administrator of the soldier are the soldier's brothers and sisters, and they are entitled also to plaintiff's recovery as administrator of the father and mother. They were entitled to the entire amount of the policy both at the time claim was made by the administrator in 1931 and at the time that he instituted suit in 1932.

The plaintiff in his several capacities as administrator of the soldier and of the soldier's father and mother was given judgment in the court below for the entire amount due under the policy. As administrator of the soldier he recovered monthly installments of $57.50 from January 25, 1919, the date of the soldier's disability, until September 25, 1925, the date of his death, also commuted monthly installments in the sum of $28.75 from and after March 20, 1931, the date of the death of the father, and from and after June 5, 1931, the date of the death of the mother. As administrator of the father and mother he recovered monthly installments of $28.75 with respect to each from the death of the soldier to their respective deaths. The government does not question the correctness of his recovery as administrator of the soldier. Its contention is that no recovery should have been permitted him as administrator of the father or mother: (1) Because no claim was filed in that capacity; and (2) because he was not joined as plaintiff in that capacity until the right to sue had been barred by the statute of limitations.

On the first question we think that the claim filed on July 2, 1931, by the administrator was a sufficient compliance with the statute to justify a recovery of the installments payable under the policy to the father and mother, without considering the claim filed by them. At that time the persons beneficially entitled to any recovery under the policy by the administrator of the soldier were his brothers and sisters; and these were the persons beneficially entitled to the recovery of the installments due the estate of the father and mother. The claim was filed by the administrator in behalf of these brothers and sisters of the soldier, who were thus beneficially entitled to the whole amount due under the policy and was filed for the full amount due thereunder. The statute provides, 38 U.S.C.A. § 445: "The term 'claim,' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which *uses words showing an intention to claim insurance benefits,* and the term 'disagreement' means a denial of the claim by the Administrator of Veterans' Affairs or someone acting in his name on an appeal to the Administrator." (Italics ours.) Had the claim filed by plaintiff been allowed, the money would have gone to the proper persons who were beneficially entitled to it, whether considered as next of kin of the soldier or of his parents; and

to deny recovery of a large part of the money that the government justly and admittedly owes them merely because the claim which was filed in their behalf was not filed in the name of three administrators instead of one, would be to carry technicality entirely too far. As we said in the case of United States v. Townsend, 4 Cir., 81 F.2d 1013, 1014: "The only purpose of requiring the filing of claim as a prerequisite to suit is to give notice to the government that claim is being made under the policy so that it may make investigation and pay any amount due claimant without being subjected to the trouble and expense of litigation; and any claim showing 'intention to claim insurance benefits' answers this purpose. Congress doubtless realized that many claims would be made by illiterate claimants without the advice and assistance of counsel, and intended that a claim either calling attention to total and permanent disability or showing an 'intention to claim insurance benefits' should be sufficient. It was no doubt to avoid such technical rulings as we are asked to make in this case that Congress embodied in the statute the broad provision which we have quoted."

On the second point, the suit as originally instituted was for the entire amount of the policy, and recovery would have been for the benefit of the persons who are in fact the persons beneficially entitled, whether the suit is by one administrator or by three. When it was discovered that a part of the amount sued for was technically recoverable only by the administrators of the father and mother of the soldier, the trial judge properly allowed the plaintiff, who had qualified as their administrator, to be made a plaintiff in that capacity as well as in his capacity as administrator of the soldier. Lopez v. United States, 4 Cir., 82 F.2d 982, 987. As said in the case cited: "The clear weight of authority supports the rule, that 'an amendment changing capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitations.' See exhaustive note on this subject in 74 A.L.R. pages 1269–1276. And this is the rule applied by the federal courts under R.S. § 954, 28 U.S.C.A. § 777; Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 576, 33 S.Ct. 135; 57 L.Ed. 355 [Ann.Cas.1914B, 134]; McDonald v. State of Nebraska, C.C.A., 101 F. 171; Leahy v. Haworth, C.C.A., 141 F. 850, 4 L.R.A.,

N.S., 657; Reardon v. Balaklala Consol. Copper Co., C.C., 193 F. 189, affirmed, C. C.A., 220 F. 584; Quaker City Cab Co. v. Fixter, C.C.A., 4 F.2d 327; Weldon v. United States, C.C.A., 65 F.2d 748; Keystone Coal & Coke Co. v. Fekete, C.C.A., 232 F. 72, 73; Bixler v. Pennsylvania R. Co., D.C., 201 F. 553."

The attitude of the Supreme Court on the question of permitting amendments of this character was well stated in the recent case of United States v. Memphis Cotton Oil Co., 288 U.S. 62, 68, 53 S.Ct. 278, 280, 77 L.Ed. 619, as follows: "It has fixed the limits of amendment with increasing liberality. A change of the legal theory of the action, 'a departure from law to law,' has at times been offered as a test. Union Pac. Ry. Co. v. Wyler, 158 U.S. 285, 295, 15 S.Ct. 877, 39 L.Ed. 983. Later decisions have made it clear that this test is no longer accepted as one of general validity. Thus, in Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U.S. 570, 33 S. Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134, plaintiff suing in her individual capacity under a Kansas statute for her son's death was allowed to amend to sue as administratrix under the Federal Employers' Liability Act, 45 U.S.C.A. § 51–59, after the statute of limitations would have barred another action. In New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294, there was in substance the same ruling. In Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075, a cause of action by a defrauded buyer to set aside a contract was turned into a cause of action to recover damages for deceit. 'Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied.' "

In the case at bar the government has had notice from the beginning that the plaintiff had set up and was trying to enforce a claim for the full amount of the policy.

The government relies upon Smallwood v. United States, 4 Cir., 91 F.2d 287, and United States v. Mills, 6 Cir., 91 F.2d 487; but neither of these cases is in point. In the Smallwood Case no suit was instituted by any one until after the bar of the stat-

ute of limitations had fallen, and the question of permitting an amendment changing the capacity in which plaintiff sued was in no way involved. The person who had sued in that case as administratrix of the soldier proposed to become a party plaintiff in her individual capacity, hoping thereby to escape the bar of the statute of limitations as she had but recently come of age; but, since the suit was one which only the administrator could bring, it is manifest that this move would have availed her nothing. The Mills Case, likewise, involved no question of permitting an amendment to change the capacity in which plaintiff was suing. It held that suit by a widow as administratrix could not be maintained, where no claim had been filed in her behalf, merely because a claim had been filed by the father and mother of the soldier for their interests under the policy. Without indicating any opinion as to the question involved in that case, we think it very different from the question in the case before us.

■ In the case at bar, to repeat, the claim filed by the administrator of the soldier was filed for the benefit of the persons who at that time were beneficially entitled to the full amount of the policy and the claim filed was for the full amount thereof. When claim was denied, suit was entered for the full amount. That a part of the money to which these persons were entitled was technically recoverable for them by the administrator of their father and mother instead of by the administrator of their brother should not be allowed, we think, to defeat their rights after the technicalities have been complied with and plaintiff has been joined in his capacity as administrator of the father and mother as well as of the brother. 38 U.S.C.A. § 445. We express no opinion as to the rule applicable where an amendment sought would bring in persons not beneficially interested either in the claim or in the suit which has been filed; but, where claim has been filed in behalf of the persons in whose interest suit has been brought, and where the only effect of the amendment is to change the capacity in which plaintiff sues in their behalf, and that only as to a part of the recovery sought, we feel that it would be an undue straining at technicality to hold that such amendment should be denied and that the portion of the claim which it covers be held barred by the statute of limitations. Certainly such a ruling would be out of harmony with the spirit of modern procedure. We adhere to our decision in the Lopez Case; and we think that it fully covers the situation here presented.

■ The point that the rights of plaintiff with reference to the portion of the claim in controversy must be determined solely with reference to the claim filed by the father and mother in 1925, and not with reference to the claim filed by plaintiff in 1931, is not raised either by the assignments of error or the brief of the government; and neither side seems to have attached any importance either to the claim itself or to its rejection. The nature of that claim does not appear from the record; but it was stated at the bar of the court that it was a mere claim for insurance without reference to the total and permanent disability of the soldier during the life of the policy. We agree, however, that it has no bearing on the questions involved in the case. Certainly plaintiff can base no rights upon it, and we do not see how either its filing or rejection can be held to prejudice plaintiff's rights under the claim filed on July 2, 1931. That claim was based on the disability of the soldier as well as on his death and was for the full amount of the policy. It was filed before the bar of the statute had fallen and suit was commenced upon it within the time that the statute allows. The amendment complained of brought in the plaintiff as administrator of the father and mother to assert rights which, as we have held, accrued to their next of kin based upon the filing of this claim, not upon the claim filed by the father and mother in 1925.

Affirmed.

NORTHCOTT, Circuit Judge (dissenting).

I am of the opinion that the judge below was in error in allowing the amendment that permitted the administrator of the estates of the father and mother of the insured to be joined as a party plaintiff. The only claim filed by the father and mother had been rejected in November, 1925. No other claim on their behalf or for their estate was ever filed. There was, therefore, no rejection upon which a suit by their administrator could be based. The statute of limitations had run against their claim before the present suit was instituted, and the claim was dead. To hold that a claim of this character can be brought back to life in a suit instituted

by the administrator of the deceased veteran, for an entirely different claim, by permitting such an amendment, is to utterly ignore the statute of limitations and the statute requiring the rejection of a claim before suit, and render the statutes of no effect. The facts here are entirely different from the facts in the case of Lopez v. United States, 4 Cir., 82 F.2d 982, decided by this court, and I do not think that decision controlling.