# FRIEDERICHSEN *v.* RENARD, EXECUTOR OF RENARD, ET AL.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 270.   Argued April 25, 26, 1918.—Decided May 20, 1918.

Plaintiff, having been defrauded in an exchange of lands, sued in the District Court to annul his contract and deed and for incidental damages. The court finding that by acts of ownership he had affirmed the contract, by its order, under Equity Rule 22, transferred the case to the law side as an action for damages for the deceit, and the bill was amended accordingly but with no substantial change in the allegations of fraud. Meanwhile, the period of the statute of limitations had expired.

*Held:* (1) That the amendment did not change the cause of action and did not constitute the beginning of a new case.

(2) That, since the money relief prayed in the amended petition could properly have been sought as alternative relief in the original bill in equity, and since the transfer to the law side was made upon order of the court in the exercise of its discretion, plaintiff could not be held

to have made such an election of inconsistent remedies as would let in the defense of limitations against the amended demand.
231 Fed. Rep. 882, reversed.

THE case is stated in the opinion.

*Mr. William V. Allen* for petitioner.

*Mr. R. E. Evans*, with whom *Mr. W. D. Funk* was on the briefs, for respondents.

MR. JUSTICE CLARKE delivered the opinion of the court.

On March 12, 1908, the petitioner, Friederichsen, contracted in writing to exchange land which he owned in Nebraska for land in Virginia owned by the respondent, Mary C. Gilmore, who in the transaction acted through her agent, Edward Renard, the decedent of the respondent G. H. Renard. We shall refer to the parties as they were in the courts below, Friederichsen as plaintiff, and Gilmore and Renard as defendants.

On September 22, 1908, Friederichsen filed a bill in equity in the United States Circuit Court for the District of Nebraska, praying for a decree cancelling the contract and the deed made pursuant thereto and for damages sustained, on the ground of fraud practiced upon him.

Defendants answered denying the fraud charged, and on August 20, 1912, a master, theretofore appointed in the case, reported that Friederichsen at the time of the exchange was "below the average in mental ability;" that he had been induced to enter into the contract by the fraudulent representations of Renard, as alleged; and that he had sustained damage in the sum of $5,880. But the master also reported that Friederichsen, after taking possession of the Virginia lands, after filing his bill in the case, and after having had time to discover the condition

and value of the land, had cut down a considerable amount of timber growing thereon.

On the coming in of this report, the court on September 19, 1913, found that the plaintiff was not entitled to equitable relief because he had ratified the contract of exchange by cutting timber on the Virginia lands, thereby preventing the defendants from being placed in *statu quo*, but that his remedy was at law for damages, and thereupon it was ordered: that the master's report be vacated; that pursuant to Equity Rule 22, the cause be transferred to the law side of the court; and that the parties "file amended pleadings to conform with an action at law."

Complying with this order, on September 25, 1913, the plaintiff filed an "amended petition" on the law side of the court, and, upon the same facts stated in the original bill in equity, prayed for a judgment for damages. The defendants filed answers the same in substance as those filed in the equity suit, but adding the defense that the cause of action stated in the amended petition was barred by the Nebraska four-year statute of limitations.

When the case came on for trial, and after it was stipulated by counsel for the defendants that the plaintiff had introduced sufficient evidence to entitle him to recover a verdict, unless barred by the statute of limitations, it was ruled "that the cause of action stated in the plaintiff's amended petition was barred by the statute of limitations of the State of Nebraska, and that the filing of the amended petition did not relate back to the commencement of the action in such a way as to prevent the bar of the statute," and a verdict was directed for the defendants. The judgment entered on this verdict, affirmed by the Circuit Court of Appeals for the Eighth Circuit, is now before us for review on writ of certiorari.

Thus the case presents for decision the single question, Whether the filing of the "amended petition" on the law

side of the court on September 25, 1913, was the commencement of a new action more than four years after the fraud was discovered, (which must have been prior to the filing of the bill in equity on September 22, 1908), which was therefore barred, or whether the proceeding at law was but pursuing toward a conclusion, in another form, the same cause of action stated in the original bill, so that the suspension of the statute of limitations continued, which began with the date of the service of the subpœna in chancery.

It is argued by the respondents that in the bill in equity the petitioner disaffirmed, while in the amended petition he affirmed the contract of exchange; that the latter for this reason states a new and different cause of action from the former, and that, against this new cause of action, the running of the statute of limitations was not arrested until the amended petition was filed, and that then it had become barred.

But the allegations of fraud in the two papers are the same in substance, and practically the same in form, the only substantial difference between them being that the prayer for relief in the bill is for mutual return of lands, with incidental damages, while, in the amended petition, it is for damages alone. The cause of action is the wrong done, not the measure of compensation for it, or the character of the relief sought, and, considered as a matter of substance, the change in the statement of that wrong in the amended petition cannot in any just sense be considered a new or different cause of action.

It is settled upon reason and authority that the conversion of a suit in equity into an action at law or *vice versa* is not alone sufficient to constitute the beginning of a new action and that with respect to the statute of limitations it is a mere incident in the progress of the original case.

It was so held by the Supreme Court of Nebraska long

prior to the origin of the controversy we have here, when an action in ejectment was converted into a suit to redeem, *McKeighan* v. *Hopkins*, 19 Nebraska, 33, and again, in *Butler* v. *Smith*, 84 Nebraska, 78, in a similar case in 1909, the question was held not to be an open one.

In *Smith* v. *Butler*, 176 Massachusetts, 38, followed with approval in 1917 in *Reynolds* v. *Missouri, Kansas & Texas Ry. Co.*, 228 Massachusetts, 584, the Supreme Judicial Court of Massachusetts declared that it had been the settled practice in that Commonwealth for a period of over fifty years to allow actions at law to be amended into suits in equity, in place of putting the plaintiff to a new suit, and to "allow those amendments on the ground that if a new suit were brought, it would be barred by the statute." It will suffice to add that in *Schurmeier* v. *Connecticut Mutual Life Ins. Co.*, 171 Fed. Rep. 1, the Circuit Court of Appeals, a judgment of which we are here reviewing, held that the amendment of a law action into one in equity, for the express purpose of meeting an anticipated defense of the statute of limitations, did not change the cause of action and that the amendment related to the time of the commencement of the action.

There remains to be considered the ground on which the lower courts chiefly rested their judgment, viz: That, in disaffirming the contract by his suit in equity, the petitioner elected to pursue one of two inconsistent remedies open to him, until the period of the statute of limitations had expired, and that he therefore cannot escape that bar when afterwards, by amendment of his pleadings, he seeks to affirm the contract and recover damages.

No matter what may be thought of the merit of the doctrine of election of remedies, it is a long observed and deeply entrenched rule of procedure. But, for obvious reasons, it has never been a favorite of equity and it has been specifically decided by this court that the two forms of relief pursued, before and after the amendment of the

pleadings in this case, are not so inconsistent but that both may be prayed for in one bill in equity and either granted, as the evidence and the equities of the case may require. Thus, in *Hardin* v. *Boyd*, 113 U. S. 756, in a suit to annul a land contract for fraud, the trial court permitted an amendment to the bill, adding a prayer in the alternative for a decree affirming the contract, granting a lien for the unpaid purchase money and for foreclosure. The decree in the case was entered on the alternative prayer.

This court affirmed that decree on principle and authority holding that:

"Under the liberal rules of chancery practice which now obtain, there is no sound reason why the original bill in this case might not have been framed with a prayer for the cancellation of the contract upon the ground of fraud, and an accounting between the parties, and, in the alternative, for a decree which, without disturbing the contract, would give a lien on the lands for unpaid purchase-money. . . . The amendment had no other effect than to make the bill read just as it might have been originally prepared consistently with the established rules of equity practice. It suggested no change or modification of its allegations, and, in no just sense, made a new case."

In view of the New Equity Rules of 1912, especially Rule 22, and of the Act of Congress of March 3, 1915, 38 Stat. 956, it cannot be said that the power of courts of equity to amend pleadings, or to permit them to be amended, to accomplish the ends of justice, has been curtailed since the *Hardin Case* was decided in 1884.

Thus, in express terms was it decided that a properly framed prayer would have allowed the petitioner the relief in equity which he sought before the amendment or, in the alternative, that for which he now prays, and to this it must be added, that the order which converted his suit in equity into an action at law was made in the ex-

ercise of a chancellor's discretion under warrant of an equity rule.

At best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended, as it must be in order to reach the case at bar, for here the "amended petition." was not filed by petitioner's counsel of their own motion, but on the order of the court, entered in its discretion, to promote the ends of justice.

Thus, we are brought to the conclusion that since the two remedies asserted by the petitioner were alternative remedies, and since the order made, requiring the conversion of the suit in equity into one at law, was entered by the court sitting in chancery, for us to affirm the judgment of the Circuit Court of Appeals that the petitioner, in obeying the order of the trial court, made a fatal choice of an inconsistent remedy, would be to subordinate substance to form of procedure, with the result of defeating a claim which the respondents stipulated had been sufficiently established to justify a verdict against them. This we cannot consent to do.

The questions of procedure being thus cleared away, there is little further difficulty with the case. As we have seen, the "amended petition" was not filed in a new case but was simply a step forward in progress toward settlement of the original controversy; the allegations of fact are precisely the same in substance, and almost the same in form, as they were in the original bill and therefore looking to substance and realities, they cannot be regarded as stating a new cause of action. The case falls clearly within the scope of the principle of the decisions of this court in *Texas & Pacific Ry. Co.* v. *Cox,* 145 U. S. 593–604; *Atlantic & Pacific R. R. Co.* v. *Laird,* 164 U. S. 393, 401; *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570; *Seaboard Air Line Ry.* v. *Renn,* 241 U. S. 290; *Washington Ry. & Elec. Co.* v. *Scala,* 244 U. S. 630, 640.

The decision in *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, is so clearly distinguished in the *Wulf Case, supra,* from the principle of these decisions that additional comment would be superfluous.

It results that the judgments of the Circuit Court of Appeals and of the District Court must be reversed and the cause remanded to the latter for further proceedings in conformity with this opinion.

*Reversed.*