## DOMINION PHOSPHATE CO. v. LANG et al.

(Circuit Court of Appeals, Fifth Circuit.   January 28, 1922.)

### No. 3777.

1. **Sales ☞153, 377—Tender of delivery unnecessary after repudiation by other party; allegation of buyer's repudiation renders allegation of seller's tender unnecessary.**

    The seller is not required to tender delivery of the goods after notice from the buyer that it would not be accepted, so that a declaration alleging repudiation of the contract by the buyer sufficiently alleges a breach, without an allegation of tender of delivery.

2. **Pleading ☞193(8)—Erroneous claim for damages does not make declaration demurrable.**

    Where the declaration alleges a cause of action for breach of contract, it is not rendered demurrable because it makes claim for damages which cannot be recovered under the facts alleged, or because it incorrectly alleges the measure of damages.

3. **Limitation of actions ☞127(4)—Amended declaration for breach of same contract held not to state new cause of action.**

    Where demurrer was sustained to the original declaration for breach of contract, because the damages claimed were not recoverable under the facts alleged, an amended declaration alleging breach of the same contract does not state a new cause of action, and should be permitted, though the statute of limitations had run against the cause of action after the original declaration was filed.

In Error to District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by the Dominion Phosphate Company against J. M. Lang and another, partners as J. M. Lang & Co.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded.

W. A. Carter, of Tampa, Fla., for plaintiff in error.

Peter O. Knight, of Tampa, Fla., for defendants in error.

Before WALKER and BRYAN, Circuit Judges.

BRYAN, Circuit Judge.   In its declaration plaintiff in error alleges that by contracts in writing it sold to the defendants in error large quantities of phosphate rock, some of which defendants in error afterwards refused to accept and gave notice to plaintiff in error that they did not intend further to comply with their contracts; that the mining operations of plaintiff in error had been greatly lessened by reason of the storage in its bins of the phosphate rock bought by defendants in error, and that it had been thereby deprived of the profits it could have earned in the mining and sale of phosphate rock to others, to its damage, etc.

A demurrer to the declaration was sustained, the court being of opinion that the damages claimed were not recoverable under the facts pleaded in the declaration.   Thereafter plaintiff in error made application to file an amended declaration, seeking to recover as damages the profits it would have earned if the contracts had been per-

formed, or the difference between the contract price, and the market value. That application was denied, upon the ground that the amended declaration tendered set up a new cause of action which was barred by the statute of limitations. Plaintiff in error declining to plead further, there was judgment final on demurrer. Errors are assigned upon the orders sustaining the demurrer and denying the application to amend.

[1] We are of opinion that the original declaration states a cause of action, because we think it sufficiently, though imperfectly, alleges breaches of the contracts. It was unnecessary to allege tender of delivery of the phosphate at the point of shipment, as provided in the contracts, according to allegations contained in the declaration, after notice that such delivery would not be accepted. Sullivan v. McMillan, 26 Fla. 543, 8 South. 450, and cases there cited.

[2] A cause of action being alleged, the question arises whether a demurrer lies for failure correctly to allege the measure of damages. In 21 R. C. L. 514, it is said:

"It is well settled that demurrer is not a proper method of determining what is the proper measure of damages, where a cause of action is presented entitling the plaintiff to some damages, even though they are merely nominal. And so a demurrer does not lie to a declaration because it claims other or greater damages than the case made legally entitles the plaintiff to recover. Such questions are, as a rule, properly raised and settled by objections to the testimony at the trial, or by instructions to the jury as to the law applicable to the points raised, or may be cause for reforming the declaration, when calculated to embarrass the fair trial of the case."

The rule in Florida appears to be as just above stated. See W. U. Tel. Co. v. Milton, 53 Fla. 484, text 491, 43 South. 495, 11 L. R. A. (N. S.) 560, 125 Am. St. Rep. 1077, and cases there collected. It was error, therefore, to sustain the demurrer.

[3] We are of opinion, also, that the proposed amended declaration does not set up a new cause of action, and, consequently, that the court below erred in denying the application to file it. The allegations of fact are substantially the same in both the original declaration and the amendment tendered. The cause of action set out in each is the breach of the same contracts. In S. A. L. Railway v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006, it is said:

"If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action, and was not affected by the intervening lapse of time. [Citing cases.] But if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running of the limitation was not theretofore arrested."

In the cited case, suit was brought in a state court in North Carolina. The Supreme Court of the United States stated the substance of the original complaint in the following language:

"That the defendant was operating a line of railroad in Virginia, North Carolina, and elsewhere, that the plaintiff was in its employ, that when he was injured he was in the line of duty and was proceeding to get aboard one of the defendant's trains, and that the injury was sustained at Cochran, Va., through the defendant's negligence in permitting a part of its right of way at that place to get and remain in a dangerous condition."

An amendment alleging facts which brought the cause of action within the provisions of the federal Employers' Liability Act (Comp. St. §§ 8657–8665) was held not to state a new cause of action. This case appears to us to be ruled by Friederichsen v. Renard, 247 U. S. 207, 38 Sup. Ct. 450, 62 L. Ed. 1075, in which it is said:

"The cause of action is the wrong done, not the measure of compensation for it, or the character of the relief sought," etc.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

KING, Circuit Judge, took no part in the consideration or decision of this case.