**INDEPENDENCE SHARES CORPORATION et al. v. DECKERT et al.**

**PENNSYLVANIA CO. FOR INSURANCES ON LIVES AND GRANTING ANNUITIES v. SAME.**

**Nos. 7146, 7147.**

Circuit Court of Appeals, Third Circuit.
Nov. 11, 1939.

Rehearing Denied Dec. 20, 1939.

52

Walter Biddle Saul, Francis H. Bohlen, Jr., and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., for appellant Pennsylvania Co. for Insurances on Lives and Granting Annuities.

Robert F. Irwin, Jr., George M. Kevlin, Joseph Whetstone, Harris J. Latta, Jr., Donahue, Irwin, Merritt & Gest, and Townsend, Elliott & Munson, all of Philadelphia, Pa., for appellants Independence Shares Corporation and others.

Harry Shapiro, of Philadelphia, Pa., for appellees.

Before BIGGS, CLARK, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

A bill of complaint was filed in the court below by the appellees against the appellant, Independence Shares Corporation, a Pennsylvania corporation, and certain affiliated companies. The appellees purchased Capital Savings Plan Contract Certificates issued by Capital Savings Plan, Inc., and have alleged in their bill of complaint that these were sold to them by the fraud and misrepresentations of Capital Savings Plan, Inc. by the use and means of instruments of transportation or communication in interstate commerce and by the use of the mails. At the time of the sales, Independence Shares Corporation was a wholly owned subsidiary of Capital Savings Plan, Inc. Upon December 31, 1938, however, Capital Savings Plan, Inc. and Independence Shares, Inc. merged and the appellant, the resultant corporation, acquired all of the assets and assumed all of the liabilities of Capital Savings Plan, Inc.

The bill of complaint also alleges that the assets of Independence Shares Corporation are being wasted and dissipated and that that corporation is insolvent. The bill prays the appointment of a receiver for the assets of the corporation who shall ascertain and adjudicate the claims of creditors and shall liquidate and dissolve the company. The complaint also asks for certain injunctive relief which we will discuss at a later point in this opinion. The bill is cast in the form of a class suit brought by the appellees not only on their own behalf but also for the benefit of all certificate holders similarly situated.

The court below denied motions to dismiss the bill of complaint made upon the ground that it stated no cause of action and that the court was without jurisdiction, and referred the case to a master to hear and report upon the question of solvency or insolvency of the appellant. This order, 27 F.Supp. 763, filed May 18, 1939, has been appealed from by Independence Shares Corporation.

The contract certificates purchased by the appellees called for payments to be made by the subscribers. These payments were made by the subscribers to the other appellant, The Pennsylvania Company for Insurances on Lives and Granting of Annuities as trustee. The Pennsylvania Company made certain deductions from the sums paid to it and invested the balance as directed by Independence Shares Corporation in Independence Trust Shares for the accounts of the respective certificate holders. Independence Shares Corporation created these trust shares by itself purchasing the shares of stock of certain specified corporations. The trust shares represent interests in the stocks so bought. The Pennsylvania Company in turn purchased aliquot portions of the trust shares and holds its purchases as we have stated for the benefit of the accounts of the certificate holders. At the time of the filing of the bill of complaint a sum of money representing charges made by the appellant for the reinvestment of funds was in the possession of The Pennsylvania Company. By an order entered June 2, 1939, the court below enjoined The Pennsylvania Company from paying over the sum referred to to Independence Shares Corporation or otherwise disposing of it during the pendency of the action. The Pennsylvania Company has appealed from this order.

Since the two appeals grow out of the same set of facts, we will dispose of them in one opinion.

The complainants with one exception are citizens of Pennsylvania. The jurisdiction of the court below cannot be sustained therefore upon diversity of citizenship. Lee v. Lehigh Valley Coal Company, 267 U.S. 542, 45 S.Ct. 385, 69 L.Ed. 782; Salem Trust Co. v. Manufacturers' Finance Company, 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Osthaus v. Button, 3 Cir., 70 F.2d 392. Nor does the amount in controversy exceed the sum of $3,000. Section 24(1) of the Judicial Code as amended, 28 U.S.C.A. § 41(1). The claims of the appellees may not be aggregated and the claim of no one appellee amounts to more than $2,000. Moore's Federal Practice, Vol. 2, Section 23.08; Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L. Ed. 871.

In our opinion, none the less, the court below had jurisdiction of the controversy by virtue of the provisions of Sections 12 (2) and 22(a) of the Securities Act of 1933 (May 27, 1933, c. 38, Title I, 48 Stat. 84 and 86, 15 U.S.C.A. §§ 77l(2) & 77v(a).

Section 22(a) provides that "The district courts of the United States * * * shall have jurisdiction of offenses and violations under this title * * * and, concurrent with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [subchapter]. * * * "

Section 12(2) of the Act states that "Any person who * * * sells a security * * * by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, * * * and who shall not sustain the burden of proof that he did not know, * * * of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

Jurisdiction in this case, however, is not dependent upon diversity of citizenship and amount in controversy. The field which is carved out for the operation of federal jurisdiction by Section 22(a) is "all suits in equity and actions at law brought to enforce any liability or duty created by this title [subchapter]." Since the Act stems from the exercise of federal power under the commerce clause there is no question raised in the case on the line of power.

■ Section 12(2) of the Securities Act therefore provides a right to sue in a District Court of the United States for one who has purchased securities upon an untrue statement of a material fact made by the use of any means of transportation or communication in interstate commerce and that such a suit may be maintained by the aggrieved person in an action at law or by a bill in equity depending upon whether the cause of action is cognizable at law or in equity. At the present time, the remedy of the aggrieved person lies in the "civil action" prescribed by Rule 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The nature of the suit, however, remains as specified by Section 12(2). The defrauded person must seek to recover "the consideration" paid by him. The relief given by the section is for a money judgment or for a money decree payable to the individual who has been defrauded.

■ Section 16 of the Act, 48 Stat. 84, 15 U.S.C.A. § 77p, providing that "The rights and remedies provided by this title [subchapter] shall be in addition to any and all other rights and remedies that may exist at law or in equity" does not relate to venue as indicated by the court below or enlarge the remedy given by Section 12(2). Congress by the language employed sought only to make it abundantly clear that it was not pre-empting this field to the federal jurisdiction, thereby prohibiting recovery to defrauded individuals under the law of the states as that existed prior to the passage of the Securities Act.

■■ Since the recovery of the appellees is limited as we have indicated, it follows that The Pennsylvania Company is not a proper party to the suit. The appellees have stated no cause of action against it and indeed have alleged no breach of duty upon its part cognizable under the Securities Act or otherwise. The injunction against The Pennsylvania Company therefore may not be maintained. Nor does Section 12(2) enlarge the right of the appellees to the appointment of a receiver for the corporation upon the ground that it is insolvent or its assets are being dissipated. The law in this respect remains as it was. See Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 497, 43 S.Ct. 454, 67 L.Ed. 763, and the authorities there cited. It follows that none of the prayers of the bill of complaint asking for specific relief may be granted.

■ The complaint states a cause of action within the purview of Section 12(2) of the Securities Act, however, and ends with a general prayer for relief. Amendment may be made to the complaint pursuant to R.S. § 954, 28 U.S.C.A. § 777, and Rule 15(a) of the Rules of Civil Procedure by limiting this prayer to a demand for money judgment. Such an amendment would be one of form rather than of substance since the complaint sets forth every fact necessary to entitle the appellees to obtain such relief. It is clear from the complaint that the appellees seek the recovery of the consideration paid by them for their contract certificates and by the contents of the complaint Independence Shares Corporation is made fully aware of the charges which it must meet. United

States v. Powell, 4 Cir., 93 F.2d 788. See McAndrews v. Chicago, L. S. & E. R. Co., 7 Cir., 162 F. 856. As was stated by the Supreme Court in Maty v. Grasselli Chemical Co., 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745, "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end."

■■■ The complaint sets forth a cause of action at law rather than in equity, for while Independence Shares Corporation may occupy a fiduciary relationship toward the appellees and the other certificate holders, none the less the action given by Section 12(2) of the Securities Act is one against the seller of the securities for the recovery of money. The type of amendment from equity to law formerly permitted under Equity Rule 22, 28 U.S.C.A following section 723, is no longer necessary in view of Rule 2 of the Rules of Civil Procedure. The complaint as amended will serve as a continuation of the old suit, the filing of the original bill tolling the statute of limitations imposed by section 13 of the Securities Act, 15 U.S.C.A. § 77(m). See Friederichsen v. Renard, 247 U.S. 207, 213, 38 S.Ct. 450, 62 L.Ed. 1075, and the decisions there cited. It must also be borne in mind that under Rule 15(c) of the Rules of Civil Procedure, an amendment when made relates back to the date of the original pleading.

The question of whether the appellees upon a proper showing might not obtain injunctive relief against Independence Shares Corporation in aid of the remedy supplied to them by Section 12(2) of the Act, is not before us and therefore we do not pass upon it.

■■■ In conclusion we state that the appellants contend that Section 12(2) of the Act gives the appellees no right to maintain their suit as a class action. We are unable to agree with this contention. The suit at bar is of the type denominated a "spurious" class suit and may be maintained under Rule 23(a) (3) of the Federal Rules of Civil Procedure. See Moore's Federal Practice, Vol. 2, p. 2241, paragraph 23.04-(3). In the case at bar numerous persons are interested in common questions of law or fact affecting the several rights of many individuals. Common relief may be sought[1] despite the fact that individuals may recover separate judgments different in amounts. It should be noted that the misrepresentations set forth by the bill are alleged to be common to the sales made by the agents of the appellant company and of Capital Savings Plan, Inc. to the appellees and the other subscribers upon whose behalf the suit was instituted. We do not at this time express an opinion upon the question whether subscribers who are not now named as parties plaintiff may intervene in the cause in view of the statute of limitations set up in the Act.

Accordingly the orders appealed from are reversed and the cause is remanded with directions to proceed in conformity with this opinion.

---

[1] Moore's Federal Practice states in respect to "spurious" class suits: "This is a permissive joinder device. The presence of numerous persons interested in a common question of law or fact warrants its use by persons desiring to clean up a litigious situation."