**STATE OF TEXAS, for and on behalf of IT-SELF and PERMANENT SCHOOL FUND, v. CAMPBELL et al.**

No. 9714.

Circuit Court of Appeals, Fifth Circuit.

May 14, 1941.

192

Gerald C. Mann and James L. Noel, Jr., both of Austin, Tex., for appellant.

A. B. Culbertson, of Fort Worth, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, by intervention filed February 18, 1939, in receivership proceedings,[1] was for bonuses and rentals due the state on oil and gas leases taken by the World Oil Company, pursuant to the provisions of the Texas Relinquishment Act.[2] The claim was that the World Oil Company for which defendant Campbell was receiver, had paid to the landowners, bonuses and rentals due the state, instead of paying them to the state as it should have done.

The defense was that, filed under Article 5367a, Sec. 6, Vernon's Ann.Civ.St.[3] more than five years after the act became effective, the suit was either barred by limitation, or was filed without authority, according to whether the act be regarded an enabling act or a limitation statute.

The state insisted that the statute was not an enabling act but a limitation statute, and that its intervention in the federal court was either a continuation of the state court suit, or was saved by Article 5539a, Vernon's Ann.Civ.St.[4] It therefore met the defense with the claim, that within the five years fixed in the statute, it had, believing and with the right to believe, that the federal court would grant leave to sue the receiver, filed its suit in the state district court of Travis County, Texas, the proper state court at the seat of government for the trial of matters of this kind, and that when later its petition for leave to sue was denied, it had intervened in the federal court, dismissing its state court suit for want of jurisdiction without prejudice to its intervening in the federal court.

The district judge, of the view that the intervention could not be regarded as a continuation of the state court suit, and that regarded as a new suit, it was not within the protection of the 60 days saving statute, sustained the plea of limitation and gave judgment for the receiver. We think he erred.

Much of the briefs is concerned with the question, of whether the state court in which the suit was filed was entirely without jurisdiction of the cause, or had jurisdiction but was prevented from proceeding upon considerations wholly of comity. Appellee insists that appellant is on the horns of a dilemma. If the court was wholly without jurisdiction, so that the filing of

---

[1] J. H. Sale et al. v. World Oil Company et al., No. 601 Equity, from the District Court of the United States for the Northern District of Texas.

[2] Vernon's Ann.Civ.St. arts. 5367, 5368.

[3] "No suit may be instituted or maintained by the State for the collection of any debt due the State for bonus and rental money because of the execution of any oil and gas lease under the provisions of the Relinquishment Act * * * unless such suit be instituted within five (5) years from and after the date, this Act becomes effective."

[4] "When an action shall be dismissed in any way, or a judgment therein shall

be set aside or annulled in a direct proceeding, because of a want of jurisdiction of the Trial Court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

the suit there, was a void act, its filing did not toll the statute, while if that court had jurisdiction, the saving statute which applies only in case the dismissal was because of want of jurisdiction, cannot avail the state. On its part, the state insists; that the first suit was with jurisdiction, so as to toll the statute and remained such a suit until the leave to sue was denied and it intervened, in the federal court, when it continued in the federal court as the same suit, and that if not, it then became one which had to be dismissed for want of jurisdiction and the federal court intervention was protected under the saving statute.

In the view we take of the case, we need not enter into a dialectional discussion of whether after permission to sue was refused, the state court was prevented from proceeding further because of want of jurisdiction, or because of considerations of comity, or into too nice an analysis of the two statutes in question. The case can and should be disposed of in the state's favor, upon the simplest of general considerations. The statute limiting the time for suit was not an enabling act, for the state needs no enabling act to permit it to sue upon a claim. It was a statute of limitations putting a time limit to the right the state had to sue. As such statute, while the state is of course, bound by it, it must, as between the receiver and the state, be strictly construed against the receiver and in favor of the state. Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265; Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929; DuPont Co. v. Davis, 264 U.S. 456, 44 S.Ct. 364, 68 L.Ed. 788; McCarthy Co. v. Commissioner, 9 Cir., 80 F.2d 618.

The discretion of a court to refuse to grant leave to sue the receiver in other courts is not an absolute but a regulated discretion which cannot be abused. Petaluma Savings Bank v. Superior Court, 111 Cal. 488, 44 P. 177, and this principle is of such force as between state and federal courts, that modernly, permission to sue, unless upon strong considerations, is practically never refused. American Brake Shoe Co. v. Interborough Co., D. C., 10 F.Supp. 512, at 521 and cases cited; Cf. Driver-Harris Co. v. Industrial Furnace Corp., D.C., 12 F.Supp. 918. When then, the state elected to file its suit in the state court at the seat of government where such suits would ordinarily be filed, its doing so was not, and could not be "an intentional disregard of jurisdiction", for the state had the right, under the circumstances disclosed, to assume that the leave to sue would be granted, and the failure to grant it was an abuse of discretion. The suit was properly begun within the period of limitations fixed by law and but for the action of the federal court in improperly interfering with its prosecution by failure to grant leave, the suit would and should have continued where brought.

The failure to grant leave together with the making of the order requiring all claimants to intervene in the federal court, was in effect a stay of the state court suit, and the filing of the intervention thereafter in the federal court, was not the institution of a new, but the continuance of the old suit, effectually tolling the statute. Cf. Union Steamboat Co. v. Chaffin's Administrators, 7 Cir., 204 F. 412; Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L. Ed. 1075. If however, we are mistaken in this view and the intervention be considered not the same but a new suit, we think it equally plain that the defense of limitation may not be sustained. For, when the order denying leave was passed, the state court could not in the face of that order proceed further with the suit, and when upon the receiver's plea in abatement, it dismissed the suit for want of jurisdiction over the person of the receiver, but without prejudice to the right of the state to institute a new suit or to intervene in the receivership proceedings, the matter fell directly within the provisions of the saving statute.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.