## LAURITZEN et al. v. ATLANTIC GREY-HOUND CORPORATION.
### Civil Action No. 942.

District Court, E. D. Tennessee, N. D.
June 14, 1948.

Donaldson, Montgomery & Kennerly, of Knoxville, Tenn., and Hempstead & Green, of St. Charles, Ill., for plaintiffs.

S. F. Dye and Hodges & Doughty, all of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

Following an order granting a new trial, plaintiffs amended their complaint by setting out additional statutory provisions relating to operation of motor vehicles on highways of the State of Tennessee. Defendant now moves for summary judgment in its favor, dismissing the amended complaint, or in the alternative adjudging and decreeing that the relief sought therein is barred by Tennessee statute, for the reason that the amended action was not commenced within the applicable one-year period of limitation.

The original action was commenced to recover for the death of a son of plaintiffs. The son was a passenger on a bus owned and operated by defendant and was killed when the bus overturned. The amended complaint introduces no new parties, nor seeks recovery on any transaction other than that set out in the original complaint.

 Addition of a new theory of negligence, or of legal liability, so long as the same transaction or injury is the basis of the suit, does not change the cause of action. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619; New York Central & H. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294; Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075; Inter-

national Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561; Atwater v. North American Coal Corporation, 2 Cir., 111 F.2d 125. The amendment, as respects periods of limitation, relates back to the date of the original pleading. Rule 15(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Independence Shares Co. v. Deckert, 3 Cir., 108 F.2d 51. See also Tennessee's one-year extension statute, sec. 8572, Williams' 1934 Code; also, Privett v. West Tennessee Power & Light Co., D.C., 19 F.Supp. 812, for a holding that the benefits of the statute carry over into the federal courts.

For the reason that it lacks both factual and legal support, defendant's motion should be overruled.

Chief controversy here relates to motion of plaintiffs pursuant to Rule 34, Federal Rules of Civil Procedure. Plaintiffs seek an order requiring defendant to produce and to permit the plaintiffs, through their attorneys, to inspect, copy, or reproduce certain documents, statements and photographs in the possession of defendant, including a list of the names and addresses of persons who were passengers on the bus at the time of the accident in question, a list of the names and addresses of all other witnesses to the accident, circumstantial statements obtained from passengers and other witnesses, the travel schedule of the accident bus, log sheet of the driver of the bus, and photographs made of the scene immediately following the accident, and to inspect and photograph the bus that was involved in the accident, or, if that bus is no longer in defendant's possession, one of the same description, with the additional requirement that defendant designate in writing structural differences between the bus exhibited and the one involved in the accident.

In resisting the motion, defendant relies on the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; also, that of Cogdill v. Tennessee Valley Authority, D.C., 7 F.R.D. 411, decided by this Court July 10, 1947, as modified on rehearing.

The Court is of the opinion that the ruling of the Cogdill case applies here, though not in its entirety. In support of their motion, counsel for plaintiffs do not proceed as of right, but have shown the necessity which Rule 34 requires, which showing was present in the Cogdill case, but absent in the Hickman case. Defendant here does not come within the modification of the original Cogdill decision. While the autonomous character of defendant's attorney is not questioned, compliance with plaintiffs' motion would not invade a file so peculiarly the work product of a legal practitioner as to give color to a claim of privilege. Nor does the partial compliance with a portion of plaintiffs' request remove the necessity for full compliance, as in the Cogdill case.

Chief objection to the motion, in the view the Court takes of it, is its belatedness. Had it been made seasonably, that is, before the first trial of the case, the Court would have granted it without hesitation. But having in mind the paramount rights of plaintiffs as clients and the practical impossibility of their obtaining the evidence sought, except through this discovery proceeding, the Court will still grant the motion.

Let an order be prepared granting the motion of the plaintiffs and denying that of the defendant.