**266 P.2d 654**

**HOFF BLDG. SUPPLY, Inc.**

**v.**

**WRIGHT et al.**

No. 8048.

Supreme Court of Idaho.

Feb. 5, 1954.

Dunlap & Dunlap, Caldwell, for appellant.

Laurence N. Smith, Caldwell, for respondent, Telpher E. Wright.

KEETON, Justice.

This action was brought against Telpher E. Wright, respondent here, and F. Marvin Henderson (never served with process and not appearing) to obtain a judgment against the defendants and each for a balance alleged due on an open account for lumber and building supplies allegedly sold by plaintiff to them. To the complaint was attached an itemized statement of the account showing the articles purchased, the credits given and the balance due. The complaint was headed Hoff Building Supply, Inc., plaintiff v. Telpher E. Wright and F. Marvin Henderson, defendants. The summons was directed to them and each, and served on Wright.

Paragraph 2 of the complaint alleged:
"That at all times hereinafter mentioned the defendants, Telpher E. Wright and F. Marvin Henderson, were co-partners, engaged in the sash and door manufacturing business in Payette, Payette County, Idaho."

The complaint then alleged the purchase by defendants, as individuals, of the lumber and supplies the subject matter of the action.

Wright appeared and filed a general demurrer. This demurrer, for no reason

appearing, was sustained with leave to amend. Plaintiff then filed an amended complaint which omitted paragraph 2 above set out. In other respects there was no change.

Defendant Wright then filed a general demurrer to the amended complaint, claiming:

"that the court had no jurisdiction of the person of the defendant for the reason that the amended complaint states a new and different cause of action from that set forth in the original complaint."

He also filed a motion to strike the amended complaint in its entirety, claiming that the amended complaint is not in fact an amendment, but an attempt to set up an entirely new cause of action; that the court had no jurisdiction to permit such an amendment. The trial court entered an order sustaining the motion to strike, and dismissed the proceeding, apparently on the theory that a new and different cause of action was stated in the amended complaint, and the complaint could not be so amended. Appeal was taken from the judgment.

Neither the original complaint nor the amended complaint made the partnership, if there were one, a party to the action, nor sought any judgment against it, nor does the return on the summons show any service on the partnership as such.

Paragraph 2 of the original complaint, above set out, was merely descriptio personae and constituted no part of plaintiff's cause of action against the individual defendants, and the omitting of the matter alleged in paragraph 2 of the original complaint from the amended complaint did not change the nature of the action or the relief sought, or state, or attempt to state, a new and different cause of action than the one originally pleaded.

No new cause of action was introduced by the amendment. 71 C.J.S., Pleading, § 290, page 655; Potts v. Whitson, 52 Cal.App.2d 199, 125 P.2d 947; Billings v. Finn, 55 Cal.App. 134, 202 P. 938; Craig v. San Fernando Furniture Co., 89 Cal. App. 167, 264 P. 784; Steele v. Wardell, 57 Cal.App.2d 642, 135 P.2d 628; Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075.

The original complaint and the amended complaint asked for a joint and several judgment against the defendants on the same account and on the same allegations.

A recovery on the amended complaint would bar a recovery on the original complaint. Denton v. Detweiler, 48 Idaho 369, 282 P. 82; Klopstock v. Superior Court, 17 Cal.2d 13, 108 P.2d 906, 135 A.L.R. 318.

The judgment and the order are reversed with instructions to the trial court to reinstate the action, overrule the appearing defendant's demurrer, deny the

motion to strike, set aside the order dismissing the action, permit the defendants, or either, or both, to answer if they desire to do so, and proceed from there. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.