282 P.2d 478

**HOFF BUILDING SUPPLY, Inc., Plaintiff-Appellant,**

v.

**Telpher E. WRIGHT, Defendant-Respondent,**

and

**F. Marvin Henderson, Defendant.**

No. 8150.

Supreme Court of Idaho.

March 30, 1955.

Rehearing Denied May 2, 1955.

Dunlap & Dunlap, Caldwell, for appellant.

Laurence N. Smith, Meek & Miller, Caldwell, for respondent.

KEETON, Justice.

This case has heretofore been before this Court; see 75 Idaho 56, 266 P.2d 654. The question to be determined now is whether or not respondent Wright should be required to pay for lumber ordered by and delivered to him and defendant Henderson.

Appellant by its amended complaint alleges that April 1, 1951, it sold to respondent Wright and defendant Henderson lumber of the agreed value of $10,487.08, and delivered it to them on and between April 25, 1951, and July 13, 1951; that appellant credited $2,833.15 on said account as the value of a part of the lumber returned by Wright and Henderson, leaving a balance unpaid of $7,463.93.

The appearing and answering respondent Wright denied any purchase by or sale to him of any such lumber, or that he had promised to pay $10,487.08, or any sum therefor, and affirmatively claimed that the contract of purchase violated Section 9–505, subds. 2 and 4, and Section 64–104 I.C.

On the issues joined the case was tried before a jury. At the conclusion of appellant's evidence, respondent's motion for nonsuit was denied. Evidence was then submitted on behalf of respondent, rebuttal testimony received, and the parties rested.

Respondent renewed his motion for nonsuit and moved for a directed verdict. The trial court denied the motion for directed verdict, granted the motion for nonsuit and entered judgment of dismissal with prejudice, from which judgment appellant perfected this appeal.

The pertinent facts as established are hereinafter set forth.

Appellant corporation engages in the business of supplying building materials at Caldwell, Idaho. During the latter part of March or the forepart of April, 1951, respondent Wright and defendant Henderson advised appellant's president that because of their intended acquisition of a sash plant they desired to purchase from appellant on a sixty-day credit basis certain shop lumber, required to be ordered direct from a mill

equipped to manufacture the same. Appellant thereupon arranged for the manufacture of such special lumber, at a price that Wright and Henderson had indicated they would pay and appellant, by its letter of April 2, 1951, so advised respondent Wright. The price agreed on was $175 per thousand.

Pursuant to respondent's request, appellant on April 4, 1951, ordered from the manufacturer all of the special lumber for delivery to Wright and Henderson, and thereafter, pursuant to their direction, appellant did deliver or cause to be delivered the lumber to Wright and Henderson at the mill of the Idaho Sash, Inc., at Payette. Wright and Henderson, or persons representing them, processed and resold most of the lumber so delivered. A part of the lumber so delivered was not processed or sold, which, upon advice of respondent Wright, appellant was able to reclaim and credit in the amount of $2,833.15 on the account.' No other sum was paid or credited on the account, although at various times respondent Wright and defendant Henderson, or both, were contacted by appellant, and payment demanded.

Subsequent to the time they placed the order for the lumber, respondent and defendant Henderson, and others, caused themselves to be incorporated under the name of the Idaho Sash, Inc., and April 12, 1951 caused a certified copy of its articles of incorporation to be filed in the office of the county recorder of Payette County.

Respondent contends that Idaho Sash, Inc., purchased such building material; that he, respondent, is not responsible or liable therefor, and that appellant should look to Idaho Sash, Inc., for payment; also that the manner in which appellant kept the account showed a contract of purchase with Idaho Sash, Inc.

At the time the contract of purchase was entered into, Idaho Sash, Inc., had not been created. Delivery of all the lumber was made per verbal order of respondent Wright and defendant Henderson, and accepted by them.

After the corporation was formed, delivery statements of appellant were made in the name of Idaho Sash, Inc., as the lumber was delivered; however, it is established by the record without dispute that there was no contract whatever by appellant with Idaho Sash, Inc., as such, and that it was assumed by appellant that Idaho Sash, Inc., Wright and Henderson were one and the same entity.

Lastly the ledger sheet of the account was carried by appellant in the name of Telpher E. Wright and Marvin Henderson. The facts and circumstances show the primary responsibility of Wright and Henderson for payment of the account.

Respondent contends that to make him liable for payment of the lumber account would require that he be held responsible for the debt, default or miscarriage of another without the requisite promise in

writing on his part. Such is not the case. Respondent was a party to the contract as a principal, not as a surety, and the primary obligation is his; hence, Section 9–505, I.C., has no application.

Appellant made full delivery of all the goods, i. e., the special lumber, which respondent and defendant ordered, as they directed, and they accepted the same in toto; hence, Section 64–104, I.C., has no application.

Respondent testified that there was no agreement with Mr. Hoff, appellant's president, that appellant would look to the corporation for its pay; the witness testified:

"Q. In other words, this agreement with Mr. Hoff wasn't that he would look solely to the corporation for his pay, was it? A. There was no agreement reached."

The manner in which appellant carried the account on its books cannot be construed as relieving Wright and Henderson of liablility. Appellant did not contract with Idaho Sash, Inc., as such, nor did Wright and Henderson at any time pretend to be acting for such corporation, after it was formed; further, as above stated, the parties contracted before the corporation was created.

The record fails to establish a defense to the action. No sufficient legal reason appears why respondent should not be held liable for the balance of the account sued for. Appellant is entitled to judgment.

The judgment of the trial court is reversed and set aside. The trial court is directed to enter judgment in favor of appellant and against respondent Wright as prayed for in the amended complaint. Costs to appellant.

TAYLOR, C. J., SMITH, J., and H. McQUADE, D. J., concur.

PORTER, Justice (concurring in part and dissenting in part).

I concur in that part of the majority opinion holding the court erred in granting the motion for nonsuit and entering judgment of dismissal against appellant. I dissent from that part of the majority opinion which directs the trial court to enter judgment in favor of appellant. In my opinion respondent is entitled to have the merits of his defense passed upon by a jury. The cause should be remanded for new trial.